IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CV-365-FL

| | | |
|---|---|---|
| MICHAEL J. MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RICKY J. SPIVEY, in his individual and official capacities as a Wake County Sheriff's Deputy, CASEY L. MILLER, in his individual and official capacities as a Wake County Sheriff's Deputy, JOSHUA K. LEGAN, in his individual and official capacities as a Wake County Sheriff's Deputy, and THE OHIO CASUALTY INSURANCE COMPANY, individually, and as subsequent subsidiary of Liberty Mutual Insurance Company, as Surety, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on movant National Casualty Company's ("National Casualty") motion filed September 12, 2019, to intervene in this case for the limited purpose of presenting arguments to the court regarding admission of its liability insurance policy issued to Wake County (DE 184). Also before the court is defendants' motion filed September 12, 2019, for reconsideration of its motion in limine to exclude evidence of liability insurance from trial (DE 190). Plaintiff responded in opposition to both motions. For the reasons that follow, defendants' motion for reconsideration is allowed, defendants' motion to exclude evidence of liability insurance is allowed, and National Casualty's motion to intervene is denied as moot.

**COURT'S DISCUSSION**

Evidence of a defendant's financial condition may be admitted for the purpose of determining an appropriate amount of punitive damages that will punish and deter defendant. TXO Prod. Corp. v. All. Res. Corp., 509 U.S. 443, 462 n.28 (1993) (plurality opinion); Pac. Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 22 (1991); City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 269–70 (1981); Saunders v. Branch Banking And Tr. Co. Of VA, 526 F.3d 142, 154 (4th Cir. 2008); Stamathis v. Flying J, Inc., 389 F.3d 429, 442 (4th Cir. 2004). However, the Supreme Court has also cautioned that, with respect to punitive damages, "plaintiffs do not enjoy a windfall because they have the good fortune to have a defendant with a deep pocket." Haslip, 499 U.S. at 22; see also City of Newport, 453 U.S. at 270 (citing Carlson v. Green, 446 U.S. 14, 21 (1980)) ("The Court previously has found . . . that a damages remedy recoverable against individuals is more effective as a deterrent than the threat of damages against a government employer.").

Federal law accounts for the concern raised in Haslip. In § 1983 cases where plaintiffs seek punitive damages, federal law places the burden of proof on defendants to come forward with evidence of their financial condition to plead inability to pay. See Schaub v. VonWald, 638 F.3d 905, 926 (8th Cir. 2011); Bell v. Clackamas Cty., 341 F.3d 858, 868 (9th Cir. 2003); Mason v. Oklahoma Tpk. Auth., 182 F.3d 1212, 1215 (10th Cir. 1999); Mathie v. Fries, 121 F.3d 808, 816 (2d Cir. 1997); Kemezy v. Peters, 79 F.3d 33, 34–36 (7th Cir. 1996); Hutchinson v. Stuckey, 952 F.2d 1418, 1422 n.4 (D.C. Cir. 1992); Fishman v. Clancy, 763 F.2d 485, 490 (1st Cir. 1985). Defendants may decline to place ability to pay in issue, and financial condition becomes irrelevant to the issue of calculating an appropriate amount of punitive damages. See Schaub, 638 F.3d at 926; Bell, 341 F.3d at 868; Mason, 182 F.3d at 1215; Kemezy, 79 F.3d at 34–36; Fishman, 763 F.2d at 490.

Plaintiff argues that the court's prior order is appropriate based on the authorities cited therein. However, none of the controlling authorities cited by the court in its prior order address the burden of proof for evidence of a defendant's financial condition in a § 1983 case. See, e.g., Saunders, 526 F.3d at 145, 154 (considering net worth in evaluating the constitutional excessiveness of punitive damages for a Fair Credit Reporting Act claim); Stamathis, 389 F.3d at 435, 442 (applying Virginia law on punitive damages in a diversity case). If anything, the remaining cases previously cited by the court involving § 1983 punitive damages claims militate for, rather than against, reconsideration. See, e.g., Perrin v. Anderson, 784 F.2d 1040, 1048 (10th Cir. 1986) (finding no abuse of discretion where the district court allowed a statement from defense counsel that his client would be individually responsible for punitive damages, rather than the state of Oklahoma); Wallace v. Poulos, 861 F. Supp. 2d 587, 600 n.11 (D. Md. 2012) ("It might be the case that Plaintiffs were not entitled to introduce evidence concerning the Defendants' financial condition until Defendants put their own financial condition at issue.").

Previously, the court's decision to deny defendants' motion in limine was appropriate because they had requested the court instruct the jury that financial condition should be considered in evaluating punitive damages, and they provided no representation that they would not offer evidence of their financial condition. (See Def. Am. Prop. Jury Instr. (DE 156) at 34).

Since the court denied defendants' motion in limine on September 5, 2019, defendants have represented that they will not offer evidence of their financial condition to argue they are unable to pay an award of punitive damages. (Def. Mem. (DE 191) at 6). Defendants have also withdrawn in part their request for instructions on punitive damages to remove evidence of defendants' financial resources and ability to pay from the jury's consideration. (See Def. Second Am. Prop.

Jury Instr. (DE 188) at 24). In light of these developments, evidence of liability insurance no longer appears appropriate on the issue of determining an amount of punitive damages in this case.

## CONCLUSION

Based on the foregoing, defendants' defendants' motion for reconsideration (DE 190) is ALLOWED. On reconsideration, defendants' motion to exclude evidence of liability insurance from trial (DE 149) is ALLOWED. Movant National Casualty's motion to intervene (DE 184) is DENIED AS MOOT.

SO ORDERED, this the 17th day of September, 2019.

                                                LOUISE W. FLANAGAN
                                                United States District Judge